```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

HUGUES-DENVER AKASSY,

                Petitioner,

    -against-

MICHAEL KIRKPATRICK,

                Respondent.

```
------------------------------------------------------------------X
```

**OPINION AND ORDER**

1:16-cv-7201 (LAP) (KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/08/2019

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Petitioner Hugues-Denver Akassy, proceeding *pro se*, filed a petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his 2011 conviction in New York State Supreme Court for first-degree rape, three counts of second-degree harassment, and two counts of third-degree stalking.  On December 7, 2018, the undersigned issued a Report and Recommendation recommending that the Petition be dismissed in its entirety.  (Doc. No. 73.)  In a letter-motion postmarked December 24, 2018 (but dated December 4, 2018), Petitioner requested that this Court issue a subpoena commanding the New York County District Attorney's Office to produce Petitioner's "official press credentials and news assignment video tapes."  (Doc. No. 75.)  Petitioner appears to seek the production of these items in order to supplement his claims that prosecutors engaged in misconduct by (1) suggesting to the jury that Petitioner was not actually a journalist, but only "pretend[s]" to be one; and (2) making false statements to the media and in court documents that Petitioner was, among other things, a "con man," a "con artist," and a "fake French journalist."  (*See* Doc. No. 73.)  For the reasons set forth below, Petitioner's motion is **DENIED**.

**DISCUSSION**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (internal quotation marks and citation omitted). Rather, a district court may permit a petitioner to take discovery upon the petitioner's showing of "good cause" for the same. *See* Fed. R. Governing § 2254 Cases 6(a); *Hirschfeld v. Comm'r of Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and citation omitted). A habeas petitioner thus "bears a heavy burden in establishing a right to discovery." *Hodge v. Griffin*, No. 13-cv-1977 (LTS) (JCF), 2013 WL 5231473, at *1 (S.D.N.Y. July 19, 2013) (internal quotation marks and citations omitted). A court may deny a petitioner's request for discovery "where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." *Id.* (quoting *Hirschfeld*, 215 F.R.D. at 465).

Here, Petitioner seeks discovery solely to establish that he was, in fact, a journalist prior to his arrest. Even if true, however, this fact would not aid Petitioner in demonstrating an entitlement to habeas relief. Under the AEDPA, a state prisoner can obtain federal habeas relief only by showing that the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or resulted in a decision that was based on an unreasonable determination of the facts presented to the state court. 28 U.S.C. § 2254(d)(1)-(2). Under the "clearly established" law governing prosecutorial misconduct claims, "while the State has a duty to refrain from

2

improper methods calculated to produce a wrongful conviction, such methods will warrant habeas relief only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Jackson v. Conway*, 763 F.3d 115, 146 (2d Cir. 2014) (internal quotation marks and citations omitted).  Moreover, the district court "must consider the record as a whole when making this determination, because even a prosecutor's inappropriate or erroneous comments or conduct may not be sufficient to undermine the fairness of the proceedings when viewed in context." *Id.*  A finding that Petitioner was a journalist prior to his arrest would not disturb this Court's reasons (found at pages 40-43 of its Report and Recommendation) for recommending that Petitioner's aforementioned prosecutorial misconduct claims be denied as meritless.  Petitioner would still be required to show that any false statement made by the prosecutors to the court or to the media concerning his profession constituted misconduct and that such misconduct so infected his trial with unfairness as to render his conviction a denial of due process.  Petitioner has had ample opportunity to attempt to make these required showings and has failed to do so.  Thus, Petitioner has not demonstrated good cause for the requested discovery.

Petitioner additionally requests in his discovery motion that this Court return to him certain property seized pursuant to search warrants issued by the state court.  However, a federal habeas proceeding is not the proper forum in which to request the return of property seized in connection with a state conviction.  This Court may review claims for habeas relief only on the ground that a petitioner's conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Accordingly, Petitioner's request is improperly raised in this proceeding.

**CONCLUSION**

For all of the foregoing reasons, Petitioner's motion for discovery (Doc. No. 75) is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to the pro se Petitioner.

**SO ORDERED.**

Dated: January 8, 2019
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge