UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUGUES-DENVER AKASSY,

              Petitioner,

    -against-

MICHAEL KIRKPATRICK,

              Respondent.

16 Civ. 7201 (LAP) (KHP)

ORDER

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Hughes-Denver Akassy, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in New York State Supreme Court for rape, harassment, and other offenses.  (Dkt. no. 2.)  On December 7, 2018, Magistrate Judge Katherine H. Parker issued a carefully reasoned 63-page Report and Recommendation recommending that Mr. Akassy's petition be dismissed in its entirety.  (Dkt. no. 73.)  On December 17, 2018, Mr. Akassy submitted objections to the Report and Recommendation.  (Dkt. no. 74.)

    For purposes of this order, the Court assumes the parties' familiarity with the underlying facts and analysis set forth in Magistrate Judge Parker's Report and Recommendation.  When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party submits an objection to a

magistrate judge's report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  Id.; Fed. R. Civ. P. 72(b).

Mr. Akassy's principal objection is that Magistrate Judge Parker erred in denying him relief based on the alleged falsification of his indictment.  (See, e.g., dkt. no. 74 at 2-3, 5-6, 8, 9, 10.)  Reviewing de novo Mr. Akassy's arguments on that point, the Court finds them meritless.  First, Mr. Akassy has not identified any credible evidence supporting his theory that the indictment was falsified, forged, or otherwise improper.  Second, as Magistrate Judge Parker correctly found, Mr. Akassy's arguments targeting the indictment concern the grand jury proceedings and provide no basis for habeas corpus relief.  (See dkt. no. 73 at 41-42); see also, e.g., Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court.").

Alongside his arguments regarding the indictment, Mr. Akassy makes scattershot objections to virtually every conclusion reached by Magistrate Judge Parker.  (See dkt. no. 74.)  The Court has reviewed his arguments and the Report and Recommendation de novo and finds Magistrate Judge Parker's

resolution of the issues to be thorough, well-grounded in the law, and correct.  The Court therefore adopts the Report and Recommendation in its entirety.[1]

For the foregoing reasons, Mr. Akassy's habeas corpus petition is dismissed.  Because Mr. Akassy has not made a substantial showing of a denial of a constitutional right, no certificate of appealability will be granted.  The Clerk of the Court shall mark this action closed and all pending motions denied as moot and mail a copy of this order to Mr. Akassy.

SO ORDERED.

Dated:   July 16, 2020
         New York, New York

                                    _____
                                    LORETTA A. PRESKA, U.S.D.J.

---

[1]  Mr. Akassy has two other pending motions, both of them meritless.  The first asks the Court to strike all of Magistrate Judge Parker's orders because she purportedly "impersonat[ed]" Court of Appeals Judge Barrington D. Parker Jr. in ordering that certain materials be placed under seal.  (Dkt. no. 89.)  But the subject order is clearly signed by Magistrate Judge Parker (see dkt. no. 32), and any confusion on the docket sheet regarding the signatory of that order was the result of an error that has since been corrected.  Mr. Akassy's second motion seeks review of Magistrate Judge Parker's order denying his motion for her recusal.  (See dkt. nos. 87, 90.)  Mr. Akassy's arguments for recusal, however, are either bald assertions of bias or gripes about Magistrate Judge Parker's decisions against him, neither of which provide a basis for recusal.  See PaineWebber Inc. v. Nwogugu, No. 98 Civ. 2441 (DLC), 1998 WL 912062, at *2 (S.D.N.Y. Dec. 30, 1998) ("A recusal motion will not be granted where the movant asserts only conclusory allegations that a judge is biased . . . ."); Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").  Mr. Akassy's motions are therefore denied.